# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

## CASE NO.: 1:26-cv-00420-WMR

CapyFun LLC,

        Plaintiff,

v.

Yywhahfgfb,

        Defendant.

## [proposed] PRELIMINARY INJUNCTION ORDER

Plaintiff CapyFun LLC ("CapyFun" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operated by Defendant Yywhahfgfb ("Defendant"). The Court previously entered a Temporary Restraining Order (TRO) and Asset Freeze Order against Defendant on April 24, 2026 (ECF No. __). The Court also authorized Plaintiff to serve Defendant and to provide them with notice of these proceedings by electronic means.

After reviewing the Motion and the accompanying record, this Court

**GRANTS** Plaintiff's Motion as follows.

This Court finds Plaintiff has served Defendant in accordance with the

Temporary Restraining Order entered April 24, 2026 (ECF No. __) and Federal

Rule of Civil Procedure 65(a)(1).

This Court also finds that it has personal jurisdiction over Defendant because

Defendant directly targets their business activities toward consumers in the United

States, including Georgia. Specifically, Plaintiff has provided a basis to conclude

that Defendant has targeted sales to Georgia residents by setting up and operating

e-commerce stores that target United States consumers using one or more seller

aliases and offer shipping to the United States including Georgia and has sold

products bearing or using counterfeit and infringing copies of the CAPYBARA

Mark, the Copyrighted Work, and the PT Design Patent without authorization

within the state of Georgia, including this district and throughout the United States.

In this case, Plaintiff has presented screenshot evidence that Defendant's

e-commerce store is reaching out to do business with U.S. consumers including

Georgia residents by operating one or more commercial, interactive internet

stores through which Georgia residents can and do purchase products using

infringing versions of Plaintiff's trademarks. See Composite Exhibit 1 to the

Declaration of Huiting Wu, which includes screenshot evidence confirming that

Defendant's e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in the United States, including Georgia, bearing or using counterfeits and infringements of the CAPYBARA Mark, the Copyrighted Work, and the PT Design Patent.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because Plaintiff demonstrated (1) ownership of a valid copyright, and (2) actionable copying by the defendant; and a *prima facie* case of trademark infringement because Plaintiff demonstrated (1) ownership of the trademarks at issue; (2) Defendant's use of the trademarks is without plaintiff's authorization; and (3) Defendant's use is likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of Defendant's Goods.

Defendant's use of Plaintiff's intellectual property is causing a likelihood

of confusion as to the origin or sponsorship of Defendant's products with Plaintiff. Furthermore, Defendant's continued and unauthorized use of Plaintiff's intellectual property irreparably harms Plaintiff through harm to the value of Plaintiff's copyrights, diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, loss of value, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. For the duration of this action, Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Copyrighted Works, the CAPYBARA Marks, or any substantially or confusingly similar copyright or trademark, and Plaintiff's patent, other than those actually manufactured or distributed by Plaintiff; and

   b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed

by Plaintiff, bearing and/or using the Copyrighted Works, the CAPYBARA Marks, or any substantially or confusingly similar copyright or trademark, and Plaintiff's patent; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the Copyrighted Works, the CAPYBARA Marks, or any substantially or confusingly similar copyright or trademark, and Plaintiff's patent; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

2. Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

3. Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller Ids that may have been deleted before the entry of this Order.

4. For the duration of this action, Defendant and all financial payment processors, banks, escrow services, money transmitters, or marketplace platforms including but not limited to Amazon Payments, Inc.

("Amazon"), Apple Payments Inc. ("Apple Pay"), Adyen N.V., ("Adyen"), LL Pay United States, LLC dba LianLian Global ("LianLian"), Payoneer Global Inc. ("Payoneer"), PayPal, Inc. ("PayPal"), PingPong Global Solutions Inc. ("PingPong"), Razorpay Software Limited ("Razor Pay"), Stripe, Inc. and/or Stripe Payments Company ("Stripe"), Wise U.S. Inc. ("Wise"),World First Payments ("World First"), Worldpay LLC ("Worldpay"), and others, shall continue to attach and freeze all funds in any accounts owned, controlled, utilized by, or associated with Defendant and otherwise prohibit the transfer of any funds out of any such accounts and divert any frozen funds and any additional funds that may be transferred into the accounts into a holding account at the marketplace or the respective financial institution for the trust of the Court.

5. No funds restrained by this Order shall be transferred or surrendered by Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website including but not limited to Amazon, Apple Pay, Adyen, LianLian, Payoneer, PayPal, PingPong, Razor Pay, Stripe, Wise, World First, Worldpay, and others, and their related companies and affiliates for any purpose (other than pursuant to a

chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

6. For the duration of this action, no Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to Amazon, Apple Pay, Adyen, LianLian, Payoneer, PayPal, PingPong, Razor Pay, Stripe, Wise, World First, Worldpay, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

7. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendant for the purpose of infringing and/or using Plaintiff's copyrights and trademarks, or any confusingly or substantially similar copyright or trademark, and Plaintiff's patent.

8. This Order shall remain in effect during the pendency of this action or until further Court order.

9. Defendant may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Georgia Local Rules. Any third party impacted by this Order may move for appropriate relief.

10. Plaintiff shall provide notice of this Order to Defendant by serving a copy of this Order on Defendant by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce store operating under the Seller ID, or by providing a copy of this Order by e-mail to the marketplace platform for the Seller ID so that the marketplace platform, in turn, notifies Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

11. Plaintiff shall post copies of this Order, as well as all other documents filed in this action on the website located at the URL www.sriplaw.com/notice and shall provide the address to the website to the Defendant via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

12. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendant by regularly updating the website located at the URL www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

13.    The five thousand dollar ($5,000) bond posted by Plaintiff shall remain

with the Court until a final disposition of this case or until this

Preliminary Injunction is terminated.


**DONE and ORDERED** in Atlanta, Georgia, this _____day of _____, 2026.


_____
HONORABLE WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE